**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LENNAR RENO, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
ANGIE MACEDO, INDIVIDUALLY;
OTTO M. AGUIRRE, INDIVIDUALLY;
OREN AND MARIA L. ALTIMUS,
INDIVIDUALLY; JORGE ARELLANO,
INDIVIDUALLY; ABBY BADOLATO,
INDIVIDUALLY; CHRISTOPHER AND
SHEILA CAGUIAT, INDIVIDUALLY;
CARLOS A. CARPIO, INDIVIDUALLY;
JESSE BAILEY, III, AND KATRINA
BAILEY, INDIVIDUALLY; LAURA P.
BECERRA-SANTIAGO,
INDIVIDUALLY; MARCO BISIO, JR.,
INDIVIDUALLY; EDGAR O. BONILLA,
INDIVIDUALLY; RUSSELL E.
BURKETT, IV., INDIVIDUALLY;
MICHELLE CARRAL, INDIVIDUALLY;
HECTOR M. AND ROSALBA
CARREON, INDIVIDUALLY; KEITH
AND TATIANNA CASH,
INDIVIDUALLY; MARINA ROSALES
CASTRO, INDIVIDUALLY; CARLOS
CEJA, INDIVIDUALLY; RICARDO M.
AND MARIA DE JESUS CHAVEZ,
INDIVIDUALLY; JOEL T. COLBERT,
INDIVIDUALLY; MONTE AND
SHARLENE DEPOLO, INDIVIDUALLY;
ROGUE ESQUIVEL-RODRIGUEZ AND
MARISELA GONZELEZ,
INDIVIDUALLY; DARREN AND
COURTNEY EVANS, INDIVIDUALLY;
ELIZABETH A. FERRIS,
INDIVIDUALLY; A. BERNADETTE
GARCIA, INDIVIDUALLY; WAYNE E.
GREEN, INDIVIDUALLY; KELLY J.
HAMM, INDIVIDUALLY; BRENDA

No. 65510

FILED

NOV 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

15-35290

HARP, INDIVIDUALLY; ANDREW
ISENBERG, INDIVIDUALLY; JOHN
AND AURALIE JENSEN,
INDIVIDUALLY; MICHAEL KIDWELL,
INDIVIDUALLY; DON AND DULCIE F.
LILLY, INDIVIDUALLY; ANTOINETE
MARTINEZ, INDIVIDUALLY; DAVID
K. AND CHRISTI MCCLUNG,
INDIVIDUALLY; PAUL D. AND
RHONDA L. MCKENZIE,
INDIVIDUALLY; SILVA M. MENDEZ-
JOVEL, INDIVIDUALLY; NESTOR
ORTIZ, INDIVIDUALLY; ANDREW
PERKINS, INDIVIDUALLY;
GREGORIO RAMIREZ AND MARTHA
AGUIRRE, INDIVIDUALLY; YOLANDA
RAMOS, INDIVIDUALLY; RANDALL
M. AND ANDREA M. ROBINSON,
INDIVIDUALLY; GILBERT J.
RODRIGUEZ, INDIVIDUALLY; MIKE
ROOLEY AND MISTY VALENCIA,
INDIVIDUALLY; DEREK AND BRANDI
RUSSELL, INDIVIDUALLY; JAMES
AND ENRIQUETA S. SERRA,
INDIVIDUALLY; DEAN AND DEBRA
SMITH, INDIVIDUALLY; ELIZABETH
TRUJILLO, INDIVIDUALLY; LUIS R.
VEGA LEMUS, INDIVIDUALLY;
DAMIAN WEBBER, INDIVIDUALLY;
JAMES WINCHELL, INDIVIDUALLY;
CHRISTIANAH A. AKINOLA,
INDIVIDUALLY; IRMA AMARESCO,
INDIVIDUALLY; JOHN BROWNELL,
INDIVIDUALLY; NELIDA E. CHAVEZ
AND NADIA ESQUIVEL,
INDIVIDUALLY; JEFF AND AUDRY
DAVIDSON, INDIVIDUALLY; NATHAN
DUPREE, INDIVIDUALLY; ERIC D.
FROMELIUS AND AMANDA M.
THOMAS, INDIVIDUALLY; PETER
KILONZO, INDIVIDUALLY; GREGORY
AND NANDA KUNDE,

SUPREME COURT
OF
NEVAOA

(O) 1947A

2

INDIVIDUALLY; MARTIN R.
LADOUCEUR, INDIVIDUALLY;
CHRISTIAN LAPRAIRIE,
INDIVIDUALLY; JIMMY LOPEZ AND
CATLINA VALDEZ DE L.,
INDIVIDUALLY; JAMES AND
REBECCA MADDUX, INDIVIDUALLY;
JOSEPH AND AMANDA MCDONALD,
INDIVIDUALLY; ANA LAURA
MENDOZA A., INDIVIDUALLY;
CALVIN AND CRYSTAL MORGAN,
INDIVIDUALLY; ERMINANDO
NAZAIRE AND CLARITA ADLER,
INDIVIDUALLY; VIRGINIA NEILSON,
INDIVIDUALLY; TAMMY
NICKERSON, INDIVIDUALLY;
VIRGINIA OKONWO, INDIVIDUALLY;
SCOTT AND DARLENE THROWER,
INDIVIDUALLY; REGINALD WALKER,
INDIVIDUALLY; MARK J. AND
CHARLOTTE ANDERSON,
INDIVIDUALLY; YUN AND JEONG
BANK; B. DIETRICK AND SEONG
MCGINNIS, INDIVIDUALLY; JOE AND
SHERI BARAINCA, INDIVIDUALLY;
ANTHONY AND LAURINA BELLUCCI,
INDIVIDUALLY; LORI BERNARDI,
INDIVIDUALLY; BRENT T. AND VICKI
JILL BROOKS, INDIVIDUALLY;
WENCESLAO AND EDITHA
CONCEPCION, INDIVIDUALLY;
ROBERTO CUELLAR AND NANCY E.
STAUFFER, INDIVIDUALLY; LORI
DANIEL, INDIVIDUALLY; FRANK
AND ROXANNE DECARLO,
INDIVIDUALLY; KRISTINA D. GAW,
INDIVIDUALLY; VICTORIA
GHASSEDI-KHOSHKHABAR,
INDIVIDUALLY; EDUARDO AND LUZ
M. GONZALEZ, INDIVIDUALLY; JOEL
AND KELSY GRACE, INDIVIDUALLY;
CHRIS AND CAITLIN HOFMANN,

SUPREME COURT
OF
NEVADA

(O) 1947A

INDIVIDUALLY; JAMES AND
CARMEN E. JONES, INDIVIDUALLY;
CURTIS N. AND LESLIE A. LUND,
INDIVIDUALLY; MICHALE P. MIRICH
AND JERILYN HOGEN,
INDIVIDUALLY; ANTONETTE
NIEDLE, INDIVIDUALLY; GARY AND
VICKI PAVONE, INDIVIDUALLY;
SHERRY PEREZ, INDIVIDUALLY;
DOUGLAS W. AND DOLORES A.
PRIHAR, INDIVIDUALLY; MARK
BRANDON AND KATRINA RENE
PRINTUP, INDIVIDUALLY; PATRICIA
T. PUMPHREY, INDIVIDUALLY;
DAVID AND KATRINA RASCHEN,
INDIVIDUALLY; TAI ROSANDER AND
MINDI L. NEUGEBAUER,
INDIVIDUALLY; ROBERT SALVADOR,
INDIVIDUALLY; NEIL STOCCHIO
AND VIRLENE OUANO-STROCCHIO,
INDIVIDUALLY; MYLINH TANG,
INDIVIDUALLY; MARK W. AND
DOTTRIE M. TAYLOR,
INDIVIDUALLY; AND JERRY
WHITNEY, INDIVIDUALLY,
Respondents.

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to compel arbitration in a construction defect action. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Respondents owned houses built by appellant Lennar Reno, LLC. From November 2009 to April 2011, respondents served Lennar with NRS Chapter 40 notices. In November 2011, the parties conducted an NRS Chapter 40-mandated mediation. On January 4, 2012, respondents filed their first amended complaint asserting breach of contract and construction defect causes of action. Lennar answered on

SUPREME COURT
OF
NEVADA

(O) 1947A

4

January 26, 2012. Over the next approximately 23 months, the parties actively participated in litigation of the case by complying with a special master's case management order; submitting answers to interrogatories, repair reports, and expert reports; and participating in several mediation sessions. In October 2013, the special master amended the case agenda, which, among other things, recommended a trial date in June 2015. On November 5, 2013, the district court filed a pretrial order stating general guidelines regarding pretrial motions, discovery, trial statements, and jury instructions.

On December 3, 2013, approximately 23 months after respondents filed their first amended complaint, Lennar moved to compel arbitration under the house purchase agreements. The district court denied Lennar's motion. The district court found that Lennar waived its right to arbitrate by allowing litigation to proceed for nearly two years before filing a motion to compel, and that this delay prejudiced respondents. This appeal followed.

We conclude that the district court erred in denying Lennar's motion to compel arbitration. *See Masto v. Second Judicial Dist. Court,* 125 Nev. 37, 44, 199 P.3d 828, 832 (2009) ("Whether a dispute arising under a contract is arbitrable is a matter of contract interpretation, which is a question of law that we review de novo."); *see also Nev. Gold & Casinos, Inc. v. American Heritage, Inc.,* 121 Nev. 84, 89, 110 P.3d 481, 484 (2005) (explaining that arbitration waiver is generally a question of fact, but may be determined as a matter of law when the determination rests on the legal implications of uncontested facts); *see also Tallman v. Eighth Judicial Dist. Court,* 131 Nev., Adv. Op. 71, ___ P.3d ___ (2015) (noting that interlocutory district court orders denying motions to compel are appealable pursuant to NRS 38.247).

Under *Nevada Gold*, respondents must demonstrate the following to show that Lennar waived its right to arbitrate: (1) Lennar knew of its right to arbitrate, (2) Lennar acted inconsistently with that right, and (3) Lennar prejudiced respondents by its inconsistent acts. 121 Nev. at 90-91, 110 P.3d at 485. To demonstrate prejudice, respondents must show (1) the parties had used discovery not available in arbitration, (2) the parties litigated substantial issues on the merits, or (3) compelling arbitration would require a duplication of efforts. *Id.* We conclude that the record supports that respondents satisfied the first two prongs of the *Nevada Gold* test. However, the district court erred because Lennar's delay did not sufficiently prejudice respondents to satisfy the third prong of *Nevada Gold*.

Before reaching the prejudice prong, we address Lennar's argument that it did not act inconsistently with its right to arbitrate, i.e., by filing two years later than necessary, because NRS Chapter 40-mandated pre-litigation procedures did not terminate until an October 2013 mediation. We disagree. NRS 40.647 and 40.680 state that NRS Chapter 40-mandated pre-litigation procedures end, and litigation begins, when respondents file a complaint asserting construction defect causes of action and the district court does not dismiss the complaint for failure to comply with NRS Chapter 40. This occurred in January 2012. Thus, the district court correctly concluded that Lennar moved to compel arbitration two years later than necessary.

We conclude, however, that the district court erred in finding that this approximate two-year delay prejudiced respondents. In *Nevada Gold*, prior to a party moving to compel arbitration, the parties had already "litigated substantial issues on the merits," which would have had to be duplicated in arbitration. In this case, the parties only engaged in

SUPREME COURT
OF
NEVAOA

(O) 1947A

limited discovery, much of which may be used during the arbitration proceedings. 121 Nev. at 91, 110 P.3d at 485; *see also Gonski v. Second Judicial Dist. Court*, 126 Nev. 551, 557, 245 P.3d 1164, 1168 (2010) ("Nevada . . . public policy favors arbitration, and arbitration clauses are generally enforceable.").

Further, the district court largely based its prejudice finding on the faulty premise that about 40 percent of respondents would remain in the district court because Lennar could not compel them to arbitrate. We conclude, however, that *all* of the respondents must go to arbitration because "[u]nder a theory of estoppel, [a] nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause." *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 124 Nev. 629, 636, 189 P.3d 656, 661 (2008) (internal quotations omitted). Here, respondents received a direct benefit from a contract containing an arbitration clause when they asserted breach of contract causes of action under said contract. Thus, nonsignatory respondents are estopped from refusing to comply with the house purchase agreements' arbitration clauses.[1] *See also Tallman*, 131 Nev., Adv. Op. 71, ___ P.3d at ___ (noting that while arbitration agreements must be in writing, they need not be signed). Accordingly, we

---

[1]Additionally, we conclude that the district court's application of the doctrine of laches was also error and does not warrant denial of Lennar's motion to compel arbitration.

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    District Judge, Department 6
Debbie Leonard, Settlement Judge
Gordon & Rees, LLP
Shinnick, Ryan & Ransavage P.C.
Washoe District Court Clerk

---

[2]We have considered the parties' remaining arguments and conclude that they are without merit.